IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>VS.<br><br>**DEXTRELL CALLAWAY,**<br><br>Defendant | **NO. 3: 09-CR-44 (CAR)**<br><br>VIOLATION:  Firearms Related |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned.  Defendant DEXTRELL CALLAWAY was represented by Ms. LaRae Dixon Moore of the Federal Defenders Office;  the United States was represented by Assistant U. S. Attorney Graham A. Thorpe.  Based upon the evidence proffered to the court by counsel for the government and counsel for the defendant, as well as the Memorandum of the U. S. Probation Office dated December 30, 2009, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1)  There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1)  There is a serious risk that the defendant will not appear.

☒ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Memorandum, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant CALLAWAY or the safety of the community were he to be released from custody.  The defendant is a long-time resident of Athens-Clarke County, Georgia. He was last employed in November of 2008. The offense of POSSESSION OF A FIREARM BY A CONVICTED FELON charged against him herein is a serious one for which long-term incarceration can be expected in the event of a conviction or plea of guilty.  It is alleged to have been committed while he was on supervised release in this court.  His estimated guideline range is 92 months to 115 months.  The weight of evidence is strong: a 9 mm Hi Point pistol was found by police in a female's purse during a search of the defendant's residence; the owner of the purse stated that the pistol belonged to the defendant; and, the defendant admitted ownership of the pistol.

The defendant has a record of felony convictions which includes POSSESSION OF COCAINE, 1999, Superior Court of Oconee County, Georgia; AGGRAVATED BATTERY, 2004, Superior Court of Athens-Clarke, County, Georgia; SELLING COUNTERFEIT U. S. CURRENCY, 2006, U. S. District Court for the Middle District of Georgia. A supervised release warrant has been issued by the M. D. Georgia. In addition, the defendant was indicted in Athens-Clarke County on November 24, 2009, on felony charges of RAPE, AGGRAVATED ASSAULT (2 cts.), FALSE IMPRISONMENT, and POSSESSION OF A FIREARM DURING COMMISSION OF A FELONY.

In addition, defendant CALLAWAY has a history of absconding probation supervision (2004) and of probation revocations. He has demonstrated a propensity to engage in criminal activity going back over 19 years, with many of the criminal charges made against him being of a violent nature. In addition, he faces a lengthy prison sentence in the event of conviction, increasing the risk of flight. Pretrial detention is thus mandated. IT IS SO ORDERED AND DIRECTED.

## PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 6th day of JANUARY, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE